IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

WILLIAM UNWIN and
JENNIFER UNWIN,

   Plaintiffs,

v.              CASE NO.:
               DIVISION:

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

   Defendant.
_____/

## COMPLAINT

  Plaintiffs, William Unwin and Jennifer Unwin, through undersigned counsel, sue the Defendant, Hartford Insurance Company of the Midwest, and state:

  1. This is a claim for damages in excess of $30,001.00, exclusive of attorneys' fees and costs.

  2. Plaintiffs, William Unwin and Jennifer Unwin, are over the age of eighteen (18), residents of Lee County, Florida and are otherwise *sui juris*.

  3. At all material times, Defendant, Hartford Insurance Company of the Midwest ("Defendant"), was a foreign corporation licensed to do business in the State of Florida and primarily involved in the sale of insurance policies in the State of Florida with an office for the conduct of its business in Lee County, Florida.

  4. The Defendant is subject to the jurisdiction of this Court pursuant to Florida Statutes §§ 48.193(1)(a) 4, 48.193(1)(a) 7 and 48.193(2) as the Defendant contracted to insure a property or risk within this state at the time of contracting, breached a contract by failing to perform acts required

1

by the contract in this state, and is engaged in substantial and not isolated activities within the State of Florida and operates, conducts, engages in and carries out business activities in Lee County, Florida.

5. All conditions precedent to the commencement of this action have been performed, executed or waived.

6. In consideration of the premiums paid to it by the Plaintiffs, the Defendant issued to the Plaintiffs an insurance policy, Policy No. 55 RBB490217 (hereinafter the "Policy"), which provided coverage for the Insured Property, and was in full force and effect at the same time that damages occurred at the Insured Property as a direct result of Hurricane Irma. A copy of the Policy is attached hereto as **Exhibit "A."**

7. The Policy is an all risk policy.

## COUNT-I
## BREACH OF CONTRACT

8. Plaintiffs reallege and reaver paragraphs 1 through 7 and state:

9. The Policy extends coverage if the Insured Property sustains a direct physical loss to property that is not excluded or excepted by the terms of the Policy.

10. On September 10, 2017, the Insured Property sustained a direct physical loss and substantial damage, including severe structural damage to the roof system and interior water damage, during the period covered by the Policy as a direct result of Hurricane Irma.

11. The terms of the Defendant's insurance policy and specifically the provisions regarding homeowner's insurance coverage, expressly provide coverage and benefits for the losses incurred and the damages sustained by the Plaintiffs as a direct result of Hurricane Irma.

12. The direct physical loss to the Insured Property is not excluded or excepted by the

terms of the Policy.

13. After Hurricane Irma, the Plaintiffs timely contacted the Defendant and reported their claim to the Defendant. The Plaintiffs told the Defendant they had substantial damage to their home including, but not limited to, severe structural damage to their roof system and interior water damage as a direct result of Hurricane Irma.

14. The Defendant acknowledged receipt of the claim and assigned claim number Y34 DP 74911 to the Plaintiffs' windstorm claim.

15. The Defendant had a contractual duty to investigate the claim and pay the Plaintiffs the full and proper amount of their covered windstorm claim.

16. The Defendant failed to pay the full amount of the Plaintiffs' damages that were covered under the Plaintiffs' insurance policy with the Defendant.

17. In addition, despite the clear obligation of the Defendant to pay the Plaintiffs the full amount of the Plaintiffs' windstorm claim, the Defendant has disputed coverage for certain items, including but not limited to, full and complete replacement of the Plaintiffs' roof system as a direct result of Hurricane Irma, to avoid paying the full and proper amount of the Plaintiffs' damages.

18. The Defendant's actions and inactions have resulted in the Defendant's breach of its contractual duties owed to the Plaintiffs.

19. As a direct and proximate result of the Defendant's multiple and continuing breaches of its contractual duties owed to the Plaintiffs, the Plaintiffs have, and continue to, suffer damages.

20. The Defendant breached the Policy by:

    a. Failing to pay all benefits due and owing for the direct physical loss to the Insured Property;

   b. Failing to properly scope the damage to the Insured Property;

   c. Denying coverage for all or a portion of the Plaintiffs' loss.

21. The Plaintiffs timely notified the Defendant and demanded the Defendant honor its obligations under its policy of insurance with the Plaintiffs, but to date the Defendant has failed and refused to honor its obligations under its insurance policy with the Plaintiffs.

22. The Defendant's refusal and failure to honor its obligations under its policy of insurance with the Plaintiffs constituted a material breach of its obligations to the Plaintiffs under its insurance policy with the Plaintiffs.

23. The Plaintiffs have retained The Freeman Law Firm, P.A. to represent them in this action and have agreed to pay their counsel a reasonable fee for their services. The Defendant is responsible for the Plaintiffs' attorneys' fees and costs pursuant to Florida Statutes §627.428.

**WHEREFORE**, Plaintiffs, William Unwin and Jennifer Unwin, demand judgment against the Defendant, Hartford Insurance Company of the Midwest for damages, interest, attorneys' fees and costs pursuant to Florida Statutes §627.428 and for such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

            Respectfully submitted,

            _____
            Brian Freeman, Esq., FL Bar No.: 87483
            **THE FREEMAN LAW FIRM, P. A.**
            Attorneys for Plaintiffs
            4245 Fowler Street
            Fort Myers, FL 33901
            Phone: 239-226-4236
            Fax: 239-226-4238
            Litigation@thefreemanlawfirmpa.com