IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM UNWIN and JENNIFER
UNWIN,

    Plaintiffs,

vs.                                                CASE NO.: 2:21-cv-00135-SPC-NPM

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

**DEFENDANT, HARTFORD INSURANCE COMPANY OF THE MIDWEST'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**

Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST (hereinafter "HARTFORD"), by and through undersigned counsel, files this Response in Opposition to Plaintiffs' Motion for Remand, and further states:

**BACKGROUND**

On December 30, 2021, Plaintiffs filed a Complaint against HARTFORD in the Twentieth Judicial Circuit in and for Lee County, Florida. On January 21, 2021, HARTFORD was served with a Summons and copy of the Complaint in connection with the state action. Plaintiffs' Complaint asserts that HARTFORD breached an insurance contract issued to the Plaintiffs, WILLIAM UNWIN and JENNIFER UNWIN.

While the Complaint only alleges that this is a breach of contract action for damages in excess of $30,001.00, exclusive of interest, costs, and attorney's fees, Plaintiffs' Civil Coversheet states that the estimated amount of the claim is over $100,000.00.[1]

---

[1] Plaintiffs' Complaint ¶ 1. Plaintiffs' Complaint, the Civil Coversheet, and all State Court Pleadings have been collectively attached to HARTFORD's Notice of Removal as Exhibit "1."

HARTFORD believes this is an accurate representation by Plaintiffs as to the total amount of damages sought as Plaintiffs have pled for attorney's fees pursuant to Section 627.428, Fla. Stat.[2], and provided HARTFORD with an estimate created by Kelly Roofing that totals $68,671.04.[3] HARTFORD's counsel attempted to confirm that Plaintiffs' damages were over $100,000.00, on two separate occasions via email correspondence.[4] At the time of the Removal, Plaintiffs had not refuted that the amount in controversy was less than the jurisdictional threshold.[5]

On March 1, 2021, Plaintiffs' counsel sent a formal correspondence to counsel for HARTFORD, which stated,

\* \* \*

> I am in receipt of your Notice of Filing Notice of Removal and Notice of Removal. The amount in controversy in this case does not exceed $75,000.00 for purposes of diversity. You are correct, the amount in dispute at this time is $68,671.04, the amount of the Kelly Roofing Estimate . . . .[6]

\* \* \*

On March 19, 2021, Plaintiffs filed their Motion for Remand [Doc. 9]. Therein, Plaintiffs argue that based on the roofing estimate the amount in controversy does not exceed the jurisdictional threshold. Prior to filing this Response, the undersigned attempted to ascertain Plaintiffs' exact amount of fees in this matter by asking for a global demand. Plaintiffs' counsel has been unresponsive.

Plaintiffs' Motion does not address the argument that this Court could find that the amount in controversy is in excess of $75,000.00 based on the facts that the Civil Coversheet

---

[2] Plaintiff's Complaint ¶ 23, and at page 4 (Wherefore clause).
[3] The estimate created by Kelly Roofing is attached HARTFORD's Notice of Removal as Exhibit "2."
[4] The email correspondence to Plaintiffs' counsel is attached HARTFORD's Notice of Removal as Exhibit "3."
[5] *Id.*
[6] Plaintiff's March 1, 2021, Correspondence is attached hereto as **Exhibit "1"**

states that the amount sought in this suit is in excess of $100,000.00, the roofing estimate totals $68,671.04, and Plaintiffs have pled for attorneys' fees in their Complaint.

Additionally, neither Plaintiffs' March 1, 2021, correspondence nor their Motion for Remand stipulate to the amount of attorney's fees sought, or that the amount of those fees in addition to the roofing estimate is less than $75,000.00.

## ARGUMENT & MEMORANDUM OF LAW

### I. The Evidence Presented Establishes that the Amount in Controversy Exceeds $75,000.00

The sole issue before the Court is whether the amount in controversy exceeds $75,000.00. Generally, a court accepts that the amount-in-controversy requirement has been met when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claims is really for less than the jurisdictional amount. *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Accord *Dewitte v. Foremost Insurance Co.*, 171 F.Supp.3d 1288 (M.D. Fla. 2016). The legal certainty standard applies when the complaint demands a specific amount of damages. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994).

However, as the case is here, when "it is unclear what amount of damages are sought by [the] plaintiff the 'legal certainty' test is inapplicable." *Warth v. State Farm Fire & Casualty Co.*, 792 F.Supp. 101, 103 (M.D. Fla. 1992). The court then will consider the allegations in the petition for removal. *Estevez-Gonzalez v. Kraft, Inc.*, 606 F.Supp. 127, 129 (S.D. Fla. 1985). *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (if jurisdictional amount is not facially apparent from complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was

3

removed"). The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See id.* Accord *Kerins by Timmer v. Prudential Insurance Company of America*, 2018 WL 4610618 (M.D. Fla. 2018); *Dewitte v. Foremost Insurance Co.*, 171 F.Supp.3d 1288 (M.D. Fla. 2016); *Nachamkin v. Garden Fresh Restaurant Corp.*, 2014 WL 12611360, *2 (S.D. Fla. 2014); *Martin v. Mentor Corp.*, 142 F.Supp.2d 1346 (M.D. Fla. 2001).

Under the preponderance of the evidence standard, a defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Kerins*, 2018 WL 4610618 at *2, quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753-544 (11th Cir. 2010), aff'd 550 F.App'x 830 (perfect knowledge is not required, but a defendant must be equipped with facts or specific allegations, as this burden cannot be met through impermissible divination or speculation). Thus,

> [t]he court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand . . . . The evidence may include the removing defendant's own affidavit, declaration, or other documentation . . . . And district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." [Internal citations omitted.]

*Kerins*, 2018 WL 4610618 at *2. *See Parker v. Scottsdale Insurance Co.*, 2019 WL 409039, *1 (S.D. Fla. 2019), quoting *DO Restaurants, Inc. v. Aspen Specialty Insurance Co.*, 984 F.Supp.2d 1342, 1344 (S.D. Fla. 2013) ("[when] the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy.").

The Parties agree that, the Kelly Roofing Estimate for $68,671.04, and Plaintiffs' plea for attorney's fees under Section 627.428, Fla. Stat., make up the amount in controversy. The question before the Court becomes narrower, i.e., whether Plaintiffs' fees at the time of removal were at least $6,328.97, in order to satisfy the amount in controversy.[7] HARTFORD has satisfied its burden in light of the amounts listed in the roofing estimate and civil cover sheet. Plaintiffs' continued refusal to stipulate to the amount of their fees, or that the amount in controversy is below the jurisdictional threshold, and Plaintiffs' refusal to address the amount shown in the civil cover sheet.

Plaintiffs erroneously argue that their invocation of attorney's fees is irrelevant to this Court's analysis because nothing has taken place since the filing of the complaint and because no fees will be incurred until a judgment is entered.[8] These arguments are disingenuous. First, a plain reading of the fee statute states that the amount to be awarded upon a rendition of a judgment or decree is the reasonable sum for the prosecution of the suit. Second, Plaintiffs are prosecuting this suit. Plaintiffs have incurred the costs of having their case evaluated by counsel, communicating with counsel, the preparation of the Complaint, counsel propounding discovery on HARTFORD, and counsel corresponding with HARTFORD's counsel. All of these services opposing counsel provides to Plaintiffs as their advocate has value, and is an expense incurred. Despite the undersigned's repeated inquiry as to the amount of fees and costs, Plaintiffs refuse to definitively state the amount incurred. Plaintiffs also refuse to stipulate that this action will not exceed $75,000.00.

While a plaintiff's refusal to stipulate to the amount in controversy, alone, does not establish jurisdiction, a court may consider a plaintiff's refusal to stipulate to alleged damages or

---

[7] HARTFORD reached $6,328.97, by subtracting the total of the roofing estimate from $75,000.01.
[8] Plaintiffs' Motion for Remand at 2 and 4.

to deny the information contained in a detailed pre-suit demand to demonstrate that the amount in controversy in a case exceeds the jurisdictional limit. *See Summers v. Pier I Imports (U.S.), Inc.*, 2017 WL 7796068 (S.D. Fla. 2017).  It is undeniable that this case is unlike *Summers* in so far that it does not involve a pre-suit demand letter.  However, like the plaintiffs in *Summers*, the instant Plaintiffs are faced with their representation in the civil cover sheet that the amount in controversy exceeds the jurisdictional threshold.  In Plaintiffs' March 1, 2021 correspondence and their Motion, neither address the representation in the civil coversheet nor provide evidence to the contrary.  Accordingly, this Court may consider these omissions as evidence that the amount in controversy exceeds $75,000.00.

As to the civil cover sheet itself, HARTFORD understands that the cover sheet states on its face that the information contained therein neither replaces nor supplements the filing and service of pleadings, and that the requirement of filing the civil cover sheet is for reporting data pursuant to section 25.075, Florida Statutes.  However, the information contained therein is not meaningless and should not be ignored by the undersigned in assessing the potential liability of HARTFORD.  After all, this document was a part of the initial filing of the action and opposing counsel signed the civil coversheet after certifying that to the best of his knowledge and belief, on December 30, 2020, the amount of this claim was over $100,000.00.

HARTFORD is aware of the recent case law from this District related to the civil coversheet which states that the cover sheet cannot be used against a defendant to assert that a removal is untimely under section 1446(b)(1) or (3) because it is not part of the complaint and is it not meant to be used for "tactical reasons."  *See Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3, n.5 (M.D. Fla. Dec. 17, 2020).  What the *Bell* court emphasized is that a defendant cannot hang its hat on the amount listed in the civil cover

sheet, because to do so would give the cover sheet "a substantive effect" in contravention of the Florida Supreme Court's prohibition, which it added in its amendment to the coversheet after this suit was filed. *Id.*

This is not a case where HARTFORD has <u>only</u> put forth the civil cover sheet to substantiate its request for this Court's jurisdiction. As stated above, in addition to the cover sheet stating that this action is over $100,000.00, this Court has the additional benefit of relying on the amount in the roofing estimate, Plaintiffs' plea for attorney's fees, Plaintiffs' refusal to provide their amount of attorney's fees, Plaintiffs' refusal to stipulate that this action will not exceed $75,000.00, and Plaintiffs' failure to dispute or explain their representation that this action is over $100,000.00. *See Kerins by Timmer v. Prudential Insurance Company of America*, 2018 WL 4610618, at *2 (M.D. Fla. 2018) (". . . district courts are permitted to make 'reasonable deductions' and 'reasonable inferences,' and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount."). Based on the evidence shown in HARTFORD's Notice of Removal, Plaintiffs' Motion for Remand, and HARTFORD's Response in Opposition it is *far more likely than not* that the amount in controversy exceeds the $75,000.00, jurisdictional threshold.

**WHEREFORE**, HARTFORD INSURANCE COMPANY OF THE MIDWEST requests that this Court exercise jurisdiction over this matter.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Troy J. Seibert, Esq.
**TROY J. SEIBERT, ESQ.**
Florida Bar No.: 0084668
tseibert@butler.legal
**VINCENT A. FERNANDEZ, ESQ.**
Florida Bar No.: 1004601
vfernandez@butler.legal
Secondary: msmalls@butler.legal
egonzalez@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant,*
*Hartford Insurance Company of the Midwest*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

THE FREEMAN LAW FIRM, P.A.
Brian S. Freeman, Esq.
4245 Fowler Street
Fort Myers, FL 33901
litigation@thefreemanlawfirmpa.com
*Counsel for Plaintiffs,*
*William Unwin and Jennifer Unwin*

by CM/ECF on April 2, 2021.

/s/ Troy J. Seibert, Esq.
**TROY J. SEIBERT, ESQ.**

8