UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM UNWIN and
JENNIFER UNWIN,

      Plaintiffs,

v.                                    Case No: 2:21-cv-135-SPC-NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

      Defendant.
_____/

# ORDER[1]

Before the Court is Plaintiffs William Unwin and Jennifer Unwin's Motion to Remand (Doc. 9). Defendant Hartford Insurance Company of the Midwest has responded (Doc. 10). The Court grants the Motion and remands.

## BACKGROUND

This is an insurance dispute. Hartford insured a home owned by the Unwins. Hurricane Irma allegedly caused interior water damage and structural damage to the roof of the insured property. The Unwins then submitted an insurance claim to Hartford. But Hartford disputed coverage

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

and has not paid all benefits the Unwins claim under the insurance policy, including a complete replacement of the insured roof. The Unwins now sue Hartford for those unpaid insurance benefits. Based on the estimate for roof system repairs attached to the Motion, it appears the Unwins seek $68,671.04 in disputed insurance benefits. (Doc. 9 at 6-7). The Unwins also seek attorneys' fees and costs under section 627.428, Florida Statutes. (Doc. 3 at 4).

Hartford timely removed to this Court, citing diversity jurisdiction. (Doc. 1). In support, Hartford cited the Unwins' Civil Cover Sheet specifying damages exceeding $100,000, the roofing estimate for $68,671.04, the likelihood that the attorneys' fees claim would combine with the roofing estimate to be greater than $75,000, and the failure of the Unwins' counsel to refute the amount-in-controversy despite emails from Hartford's counsel. (Docs. 1, 10). The Unwins now seek remand, citing an insufficient amount in controversy. (Doc. 9). After Hartford timely filed its Notice of Removal (Doc. 1), counsel for the Unwins sent a letter to Hartford's counsel claiming the amount in dispute was just $68,671.04.

## DISCUSSION

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Hartford removed by claiming diversity jurisdiction, which exists if there is complete diversity of citizenship between the parties *and* the amount in controversy

2

exceeds $75,000. *Id.*; 28 U.S.C. § 1332(a). The parties here do not dispute the first prong—they are citizens of different states. So the only relevant issue is whether the amount in controversy exceeds $75,000.

When, as here, a complaint does not specify damages, the removing party must prove the amount in controversy by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). As the party seeking removal, Hartford bears the burden of establishing jurisdiction. *See Id.* at 1207. In some cases, a court may determine that the threshold is met based on "judicial experience and common sense." *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

The amount in controversy is determined at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). To that end, the Supreme Court has held that an after-the-fact attempt to limit damages to defeat jurisdiction and secure remand is not allowed. *St. Paul Mercury Indem. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim before the requisite amount, this does not deprive the district court of jurisdiction."). Thus, the Court will disregard from its analysis the Unwins' post-removal letter to Hartford's counsel clarifying the amount-in-controversy as being less than $75,000.

3

Hartford contends that the amount-in-controversy exceeds $75,000 based on the amount of the roofing estimate ($68,671.04) plus the likely claimed attorneys' fees. The parties do not dispute the amount of the roofing estimate. Thus, the sole question for the Court is whether the attorneys' fees can properly be considered part of the amount-in-controversy for removal purposes. And if so, what amount?

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 (11th Cir. 2000). Here, the parties do not dispute that attorneys' fees are authorized under section 627.428, Florida Statutes. So attorneys' fees *can* be considered for removal here.

Courts in this Circuit are divided on the second question—whether to include only those fees incurred as of the time of removal or all projected fees. *See Miller Chiropractic & Med. Ctrs., Inc. v. Progressive Select Ins. Co.*, No. 8:16-cv-3034-T-33MAP, 2016 WL 6518782, at *1 (M.D. Fla. Nov. 3, 2016) (discussing the Circuit split). And while some courts have considered projected fees, many courts have held that only attorneys' fees accrued up to the time of removal can be included in calculating the amount-in-controversy. *Compare Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352–53 (M.D. Fla. 2008) (including anticipated statutory attorneys' fees of over $28,000 in finding the amount-in-controversy requirement to be satisfied), *and DO Rests., Inc. v.*

*Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1345–47 (S.D. Fla. 2013) (including estimated future attorneys' fees in the amount-in-controversy), *with Miller*, 2016 WL 6518782, at *2 ("For jurisdictional purposes, the attorney's fees included in the amount-in-controversy calculation are set as of the date of removal."), *Bragg v. SunTrust Bank*, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *3 (M.D. Fla. Mar. 4, 2016) (remanding case when defendant failed to provide information to calculate attorneys' fees accrued as of removal), *Keller v. Jasper Contractors, Inc.*, No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dis. LEXIS 106110, at *3 (M.D. Fla. Aug. 12, 2015) ("[O]nly the attorney's fees accrued to the day of removal can contribute to the amount in controversy."), *and Waltemyer v. Nw. Mut. Life Ins. Co.*, No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *1–2 (M.D. Fla. Feb. 2, 2007) (remanding after considering only attorneys' fees as of removal).

Hartford does not contend that the attorneys' fees incurred as of the time of removal combine with the roofing estimate to satisfy the amount-in-controversy. Nor does Hartford provide any evidence of likely projected fees. Even making a common-sense inference—as Hartford urges—the Unwins' claim does not meet the $75,000 threshold. The Court will not infer speculative attorneys' fees under an assumption that this case will go to trial. That is too great a leap. And common-sense dictates that most cases do not reach trial.

The Court will follow the approach adopted by many other courts in this District and include those fees likely accrued at the time of removal. Hartford has not given the Court any reason to treat this matter any differently. Assessing the amount-in-controversy as of removal, it seems unlikely that reasonable attorneys' fees for a single-count complaint in an insurance dispute exceed $6,328.96. And while the discrepancy in amount may make this a close call, the Court must err on the side of the non-removing party. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941)) ("The removal statute should be construed narrowly with doubt construed against removal."). Hartford has not shown by a preponderance of the evidence that the attorneys' fees claim likely exceeded $6,328.96 at the time of removal. Thus, remand is appropriate.

As for the Civil Cover Sheet reflecting over $100,000 at issue, Hartford acknowledges the Civil Cover Sheet does not resolve the amount-in-controversy. *See Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the removal statute, as Plaintiffs argue the Court should do, would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data."). The Civil Cover Sheet states, "[t]he civil cover sheet and information contained in it neither replace nor

supplement the filing and service of pleadings or other documents as required by law." Fla. R. Civ. P. Form 1.997. The Civil Cover Sheet also notes the form is used for reporting purposes under Florida Statutes. *Id.* Thus, it is not a verified pleading or material evidence on the amount-in-controversy. Without more—especially some evidence that attorneys' fees as of the time of removal are likely to be sufficient to push the amount-in-controversy over $75,000— this Civil Cover Sheet cannot prevent remand.

The Court notes that the insurance policy attached to the Complaint reflects a deductible for hurricane damage of two (2%) percent of coverage, or $4,180. (Doc. 3-1 at 6). Neither party addresses the effect of the deductible on the amount in controversy in the briefing. So it is unclear to the Court whether the deductible has already been removed from the equation in addressing damages to the insured property. Had the deductible reduced the amount insurance benefits owed to the Unwins, it *may* also be appropriate to consider that in the removal analysis. See *Alexion v. Fed. Ins. Co.*, No. 6:18-cv-2112-Orl-22GJK, 2019 WL 5294937, at *5 (M.D. Fla. Mar. 7, 2019) ("In calculating the amount in controversy, courts have reduced repair estimates and claims by the amount of the deductible.") (citations omitted). Still, the Court need not consider the deductible in its analysis to determine that remand is appropriate.

Finally, the Court notes that the Unwins began this action in state court on December 30, 2020. Thus, there remains sufficient time for Hartford to

engage in discovery and remove this action back to this Court if any papers reveal an amount-in-controversy that exceeds $75,000. *See* 28 U.S.C. § 1446(c)(1) (imposing one-year limit on removal from commencement).

Accordingly, it is now

**ORDERED:**

The Motion (Doc. 9) is **GRANTED** for lack of subject-matter jurisdiction.

1. This matter is remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk of Court is **DIRECTED** to terminate pending motions and deadlines and close the action.

**DONE** and **ORDERED** in Fort Myers, Florida on April 9, 2021.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record